# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, <br><br> Plaintiff, <br><br> vs. <br><br> W. WALSH, et al., <br><br> Defendants. | 1:13-cv-01848-AWI-BAM (PC) <br><br> ORDER (1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g) <br><br> (ECF Nos. 1 and 4) |

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights actions pursuant to 42 U.S.C. § 1983 on November 14, 2013. Plaintiff seeks leave to proceed in forma pauperis in this case.

However, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] Plaintiff admits that he falls under the three strikes provision. (ECF No. 1, p. 23.) The Court also takes judicial notice of Manago v. Holland, et al., 1:11-cv-02033-SKO. In Manago v. Holland, the Court noted that Plaintiff had three cases that qualified as strikes: Manago v. Myers, 3:90-cv-20256 MHP (N.D. Cal.); Manago v. Marshall, 3:94-cv-01528-MHP (N.D. Cal.); and Manago v. Gulare, 1:99-cv-05525-REC SMS (E.D. Cal.).

1

The Court has reviewed Plaintiff's complaint and his allegations do not satisfy the imminent danger exception to section 1915(g). Andrews v. Cervantes, 493 F.3d 1047, 1055-56 (9th Cir. 2007).  The determination of whether Plaintiff is under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. Id. at 1053-55.

Plaintiff has relied on similar allegations in other actions to circumvent the three-strikes bar.[2]  As in those other actions, Plaintiff alleges that he was sexually harassed by a female correctional officer, Mary K. Brockett in 2003; that he reported her misconduct; and that he suffered adverse transfers and solicitation of murder by CDCR officials.  Plaintiff reports that he is currently proceeding on allegations related to the Brockett sexual harassment and assault in Manago v. Williams, et al., Case No. 2:07-cv-02290-TLN-KJN.

Plaintiff claims that he is under imminent danger of serious physical and mental injury based on alleged interference with his mental health treatment.  (ECF No. 1, p. 23.)  Plaintiff believes that he has been denied adequate medical and mental health treatment and is not being given appropriate psychiatric medication.  Plaintiff admits an extensive history of mental health issues, including paranoia, auditory hallucinations and schizophrenia.  Although Plaintiff's allegations are serious, the Court does not find that Plaintiff's allegations satisfy the "imminent danger" exception. Plaintiff's claims of interference with his preferred course of mental health treatment and medication (Abilify) provide no basis to conclude that he faces an imminent danger of serious injury.  Plaintiff did not allege that he currently was being denied mental health treatment or his Abilify medication.  Indeed, Plaintiff admits that, at times, he himself has withdrawn completely from mental health treatment.  (ECF No. 1, p. 11.)  Further, there is no basis to conclude that Plaintiff's failure to receive his preferred medication on four separate days in October and November 2013 poses an imminent danger of serious injury or that it is an

---

[2]   See, e.g., Manago v. Cate, et al., Case No. 2:13-cv-00081 GEB AC P; and Manago v. Cate, No. 2:11-cv-2891 AC P (E.D. Cal.).

ongoing issue. Plaintiff mailed his complaint on November 12, 2013, and there is no indication that he was not receiving his medication at that time.[3]

For these reasons, Plaintiff does not meet the imminent danger exception. Accordingly, Plaintiff may not proceed in forma pauperis and must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is DENIED;
2. This action is DISMISSED without prejudice to re-filing accompanied by the $400.00 filing fee; and
3. All pending motions are terminated.

IT IS SO ORDERED.

Dated: June 11, 2014

SENIOR DISTRICT JUDGE

---

[3] Plaintiff recently transferred to Corcoran State Prison, filing a notice of change of address on January 24, 2014. (ECF No. 5.) On June 9, 2014, Plaintiff filed a motion for an emergency protective order to prevent serious injury. In his moving papers, Plaintiff claims that he has been placed in the Security Housing Unit and has not been receiving proper mental health care at Corcoran State Prison. (ECF No. 7.) While the Court takes these allegations seriously, they do not establish imminent danger of serious physical injury at the time the complaint was filed. Andrews, 493 F.3d at 1053-55. Further, the Court lacks jurisdiction in this action to address Plaintiff's concerns arising at Corcoran State Prison. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).