1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEWART MANAGO, | ) | 1:13-cv-01848-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S MOTION |
| | ) | FOR RECONSIDERATION |
| v. | ) | |
| | ) | (ECF No. 15) |
| W. WALSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## I.    Procedural Background

Plaintiff Stewart Manago ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2013.  Plaintiff sought leave to proceed in forma pauperis.

On June 12, 2014, the Court denied Plaintiff's motion to proceed in forma pauperis, finding that Plaintiff was subject to 28 U.S.C. § 1915(g) and did not meet the imminent danger exception.  The Court dismissed this action without prejudice to re-filing accompanied by the $400.00 filing fee.  (ECF No. 8.)  On June 12, 2014, the Clerk of the Court entered judgment in accordance with the Court's order.  (ECF No. 9.)

On June 23, 2014, Plaintiff filed a notice of appeal.  (ECF No. 10.)  The appeal was processed to the Ninth Circuit on June 24, 2014.  (ECF No. 11.)

On June 26, 2014, Plaintiff filed the instant motion for reconsideration of the order dismissing this action.  (ECF No. 15.)

On August 26, 2014, the Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis, finding that the appeal was frivolous and that the district court correctly determined that Plaintiff has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may granted, and that Plaintiff has not alleged imminent danger of serious physical injury. The Ninth Circuit ordered Plaintiff to pay the docketing and filing fees for the appeal. (ECF No. 18.)

On September 17, 2014, the Ninth Circuit dismissed Plaintiff's appeal for failure to pay the docketing/filing fees. The dismissal order constituted the mandate of the appellate court. (ECF No. 19.)

Plaintiff's motion for reconsideration, filed on June 26, 2014, is currently before the Court for consideration. Local Rule 230(l).

## II.     Motion to Alter or Amend the Judgment

Plaintiff filed his motion for reconsideration 14 days after entry of judgment. A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment. United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e).

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff seeks reconsideration based on the following: (1) he alleged facts in the complaint demonstrating that he was under imminent danger of serious physical injury at the time the complaint was filed; (2) he is a class member of Madrid and Coleman; (3) the Madrid special master and expert witness told CDCR officials not to house at risk inmates at Corcoran

State Prison security; and (4) he has a long history of suicide attempts due to ongoing mental health problems.  (ECF No. 15, pp. 1-2.)

The Court has considered Plaintiff's moving papers, but does not find any basis supporting relief under Rule 59(e).  Plaintiff's reference to mental health issues and suicide attempts in 2004 do not demonstrate that he was under imminent danger of serious physical injury at the time the complaint was filed in 2013.  (ECF No. 15, pp. 7-10.)  Plaintiff's status as a class member in Madrid and Coleman also does not demonstrate that he was under imminent danger at the time he filed this action.  (ECF No. 15, pp. 10-11.)  Further, Plaintiff's allegations that Defendants were involved in a conspiracy to cover up staff "sex crimes" does not demonstrate that Plaintiff was in imminent danger at the time he filed this action.  Finally, the Ninth Circuit confirmed that Plaintiff had not alleged imminent danger of serious physical injury and that his appeal of the Court's dismissal order was frivolous.

**III.   Conclusion and Order**

Based on the foregoing reasons, Plaintiff's motion for reconsideration is HEREBY DENIED.


IT IS SO ORDERED.

Dated:   October 29, 2014   _____

                            SENIOR  DISTRICT  JUDGE